**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL S. MCCORMACK, | No. 14-15549 |
| Plaintiff-Appellant, | D.C. No. 1:10-cv-00293-BMK |
| v. | |
| CITY AND COUNTY OF HONOLULU, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding

Submitted February 23, 2017**
Honolulu, Hawaii

Before: KOZINSKI, HAWKINS, and BEA, Circuit Judges.

Michael S. McCormack appeals the district court's judgment affirming the

Magistrate Judge's denial of his motion for an enlargement of time to amend his

complaint, and the district court's grant of the police officer defendants' motion to

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismiss for failure to serve the complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. McCormack had access to the full names of the police officer defendants by October 2010, and had access to the color photographs of the police officer defendants on March 28, 2011. Therefore, the Magistrate Judge did not err when he denied McCormack's motion for an enlargement of time to amend his complaint, and the district court did not abuse its discretion when it affirmed the Magistrate Judge's denial of that motion.

2. Nor did the district court abuse its discretion in granting the police officer defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(5) for failure to serve the complaint. The version of Fed. R. Civ. P. 4(m) in effect at the time provided that if a defendant is not served within the applicable deadline, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Because McCormack failed to serve the complaint by the extended deadline the district court granted at his request, the district court did not abuse its discretion when it dismissed the complaint without prejudice.

3. McCormack failed to include any argument in his opening brief regarding the district court's grant of the City and County's motion to dismiss. "We review

2

only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review." *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (citations omitted). Therefore, McCormack has waived any claim that the district court erred in granting the City and County's motion to dismiss.

    **AFFIRMED.**